## Lehigh Valley Trust Co. v. Dorward

*Butz, Steckel & Rupp*, for plaintiff.
*Charles M. Bolich*, for defendant.

IOBST, P. J., February 23, 1937.—This is a petition by Sarah E. Dorward, a married woman, to open a judgment.

The depositions taken in support of the rule to show cause disclose that on December 7, 1928, Fred J. Dorward, a son of petitioner, called at the Lehigh Valley Trust Company regarding a loan of $1,000 to be used in the business of Fenstermacher & Dorward, of which partnership Fred J. Dorward was a member. Dorward was informed by the assistant cashier of the bank that the money could be had provided an endorser on the note be secured. The son then stated that he could procure his mother's signature to a note as security for the loan. The assistant cashier then filled out a note for $1,000, which was taken by the son to his mother's home for her signature. Whereupon the son returned to the bank and secured the money for his own purposes and deposited it in the account of the partnership referred to. His mother was not present at the bank when the transaction took place and she received none of the proceeds of the note.

Before the five-year period subsequent to the execution of the note had elapsed, petitioner signed a revival of the judgment at the bank in the presence of her husband, who then made the statement that his wife denied liability on the note and that she had derived no personal benefit from it. On the part of the bank there appears no denial of the fact that Sarah E. Dorward did not receive any of the proceeds of the note nor any benefit whatsoever. The officers of the bank must have known that she was a married woman, because she and her husband on previous occasions had executed notes at the same banking institution for their own use and benefit which were later paid and discharged.

The Act of June 8, 1893, P. L. 344, sec. 2, explicitly provides that a married woman "may not become accommodation endorser, maker, guarantor or surety for another". This then is a clear case where the judgment should be opened and defendant permitted to present her case to a jury. The fact that Mrs. Dorward signed

an amicable revival of the judgment does not prevent her from making a defense to the note. If in signing the note she attempted to assume an illegal obligation, no subsequent act of hers in respect to it could make it legal. If the contract of a married woman relates to a matter concerning which the common-law disabilities continue, so that the contract is void for want of capacity or power to make it, the doctrine of estoppel cannot be invoked: Sears v. Birbeck et ux., 321 Pa. 375, 386.

### Decree

Now, February 23, 1937, the rule to show cause why the judgment should not be opened and petitioner allowed to make a defense thereto is made absolute. The judgment is therefore opened for the purposes indicated.